FILED

MAY - 6 2010

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUDITH SCRASE,

    Plaintiff,

v.

CHRISTIAN STEN,

    Defendant.

No. C 10-1769 WHA (PR)

**ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**

(Docket No. 2)

## INTRODUCTION

This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by a plaintiff proceeding pro se. She has also applied for leave to proceed in forma pauperis.

Although the complaint relates to a conviction obtained in the California courts in 2005, plaintiff currently resides in Nevada and it appears from her complaint and application to proceed in forma pauperis that she is no longer incarcerated. As a consequence, she is not subject to the Prisoner Litigation Reform Act. *See* 28 U.S.C. 1915, 1915A.

## STATEMENT

Plaintiff alleges that defendant Christian Sten, was a police officer who arrested her on September 20, 2004, for attempting to pay for a purchase with a counterfeit $100 bill. Plaintiff alleges that she was incarcerated for seven days due to this arrest, but was released and the money was returned to her when it was discovered not to be counterfeit. Plaintiff alleges that defendant violate her constitutional rights by interrogating her "extensively" and not allowing her access to counsel or to a telephone call.

# ANALYSIS

### A. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. LEGAL CLAIMS

It is clear from the allegations in the complaint that it is barred by the statute of limitations. Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in Section 1983 actions. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).

The cause of action accrued in September 2004, when defendant is alleged to have violated plaintiff's constitutional rights. Under federal law, a claim generally accrues when the

plaintiff knows or has reason to know of the injury which is the basis of the action. *Zolotarev v. San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008). Plaintiff complains that defendant violated her constitutional rights by interrogating after he arrest her without allowing her access to counsel or to a telephone. Plaintiff knew of this alleged injury when it occurred, in September 2004. That plaintiff might not have learned of the legal significance of defendant's actions until later does not delay the accrual of the cause of action arising out of those actions. *See ibid.* Consequently, plaintiff's cause of action accrued in September 2004, approximately five and a half years before she filed the instant action.

Although the limitation period may have been tolled due to petitioner's imprisonment, such tolling is available only for a maximum of two years. *See* Cal. Civ. Proc. Code § 352.1(a). Thus, petitioner had a maximum of four years in which to bring her claim under Section 1983, i.e., the regular two-year period under California Civil Procedure Code Section 335.1 plus two years of tolling due to her imprisonment. As it is clear from the allegations in the complaint that plaintiff waited five and half years after the action accrued before filing her complaint herein, the instant action must be dismissed as untimely.

## CONCLUSION

For the reasons set out above, this action is **DISMISSED**. Good cause appearing, the application to proceed in forma pauperis (docket number 2) is **GRANTED.** The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May ____, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\SCRASE1769.DSM.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JUDITH SCRASE,

        Plaintiff,

v.

CHRISTIAN STEN et al,

        Defendant.
_____/

Case Number: CV10-01769 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 6, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Judith Scrase
1492 Pawnee Drive
Las Vegas, NV 89169-3129

Dated: May 6, 2010

                                    Richard W. Wieking, Clerk

                                    Susan Imbriani

                                    By: Susan Imbriani, Deputy Clerk